# United States District Court
## for the
## Western District of New York

United States of America

v.

SIR LAWRENCE WATSON, II,

*Defendant*

Case No. 23-MJ- 4145

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about November 2, 2023, in the County of Monroe, in the Western District of New York, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) | Possession of 500 grams or more of cocaine with intent to distribute. |
| 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) | Possession of fentanyl with intent to distribute. |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime. |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm. |

This Criminal Complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

Ryan J. Szwejbka, Senior Special Agent
Bureau of Alcohol, Tobacco, Firearms & Explosives

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: November 6, 2023

City and State: Rochester, New York

Marian W. Payson
MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SIR LAWRENCE WATSON, II,

          Defendant.

23-MJ- 4145

---

State of New York  )
County of Monroe  ) ss
City of Rochester  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

RYAN J. SZWEJBKA, being duly sworn, deposes and says:

1.     Your affiant, Special Agent Ryan J. Szwejbka, states that he is a Senior Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives (hereinafter designated as ATF), and am assigned to the Rochester, New York Field Office. Your affiant is a graduate of the Criminal Investigator School and the ATF National Academy, both located at the Federal Law Enforcement Training Center in Glynco, Georgia. Your affiant has been employed as an ATF Special Agent for over twenty-two (22) years. As part of my professional experience, I have participated in State and Federal investigations involving the illegal possession of firearms and narcotics. Previously, I was employed by the State of South Carolina as a Probation and Parole Agent for one- and one-half years. I earned a Bachelor of Science Degree from the University of South Carolina (USC) in Criminal Justice in 1996. I received my master's degree from USC in Criminal Justice in 1999. I have participated in the service of State and Federal search

and seizure warrants and have seized or assisted in seizing contraband, including firearms, ammunition, and documentary evidence. I further state that I am the kind of Special Agent as delineated in Title 18, United States Code, Section 3051.

2. This affidavit is submitted in support for the limited purpose of establishing probable cause to believe that **SIR LAWRENCE WATSON, II,** (herein referred to as "WATSON"), violated Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (possession of 500 grams or more of cocaine with intent to distribute); Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession of fentanyl with intent to distribute); Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm); and 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime). The assertions made herein are based solely upon the personal knowledge of your affiant or upon information I have received from this investigation, all of which is true and correct to the best of my knowledge and belief. Further, I have had discussions with other law enforcement agents and have reviewed their reports.

## FACTS ESTABLISHING PROBABLE CAUSE

3. Beginning on or about November 2, 2023, Rochester Police Department (RPD) Officer Nicholas Delella was driving a marked RPD patrol vehicle in the area of Lyell Avenue and Saratoga Avenue located in the City of Rochester, New York. While in that area, he observed a 2004 Grey Mercury Mountaineer bearing New York license registration plate number LEW-7433 at the intersection of Lyell Avenue and Saratoga Avenue. Officer Delella ran that license plate through the Department of Motor Vehicles

(DMV) system and learned that the vehicle's registration was suspended for no insurance on file. When the vehicle turned north onto Saratoga Avenue, Officer Delella conducted a traffic stop in the area of 139 Saratoga Avenue. Officer Delella approached the vehicle and encountered an individual in the driver seat of the vehicle and an individual in the front passenger seat of the vehicle. The driver of the vehicle was identified as J.W. and the individual in the front passenger seat was identified as Sir Lawrence WATSON.

4. Officer Delella asked J.W. for his license, which he/she provided, and asked J.W. if there were any issues with his/her license to which J.W. answered there were not. Officer Delella explained the reason for the traffic stop and J.W. acknowledged to the Officer that there was an issue with the insurance on the vehicle. RPD Officer's Marc Sutton and Elissa Giancursio approached the passenger side of the vehicle and spoke with WATSON while Officer Delella went back to his patrol car to run both J.W. and WATSON through the DMV system. During the conversation with WATSON, WATSON informed Officer Sutton that he had a warrant from another jurisdiction. Officer Sutton walked back to Officer Delella's vehicle and was informed that WATSON did in fact have an active bench warrant from Elmira County. Both Officer Sutton and Delella reapproached the vehicle and asked J.W. and WATSON to exit the vehicle as the vehicle was going to be towed for the suspended registration. WATSON was detained for the active bench warrant, and J.W. was asked to stand by the vehicle as officers searched it incident to tow.

5. While searching the vehicle, RPD Investigator Bower located a black FIE Titan .25 caliber handgun bearing serial number D855943 underneath the front passenger

seat, loaded with seven (7) rounds in the magazine and one (1) round in the chamber. J.W. was then detained and taken back to a patrol vehicle. During a further search of the vehicle, a blue backpack labeled "Paris" across the front was observed in the rear passenger compartment behind the front passenger seat. Upon searching the backpack, Officers discovered a large quantity of suspected crack/powder cocaine and suspected fentanyl. Inside the center console, Officers located yellow plastic baggies which, through my training and experience, are commonly used for street sales of narcotics. Additionally, Officers located a red bag of miscellaneous Milwaukee tools inside of the vehicle.

6. Officer Sutton transported WATSON to the RPD Eastside Office to be interviewed. During the transport Officer Sutton asked WATSON if he had any drugs in his groin area, to which WATSON replied he had some in his "little" right pocket. Officer Sutton searched WATSON prior to placing him in an interview room and located eight (8) small clear plastic baggies of suspected crack cocaine and three (3) blue paper baggies with suspected fentanyl in WATSON'S front pocket.

7. While at the RPD Eastside Office, Officer Sutton conducted field tests on the suspected cocaine and suspected fentanyl which returned positive results for fentanyl and cocaine. The narcotics located inside of the backpack were counted and weighed with the following results: 777 light blue wax paper baggies of fentanyl; thirteen (13) clear plastic baggies filled with powder/crack cocaine (total aggregate weight of approximately 26.2 ounces including packaging); and two (2) clear plastic bags of fentanyl (total aggregate weight of approximately 1.6 ounces including packaging).

8.  Prior to conducting the interview, WATSON waived his Miranda Rights and agreed to speak with Officers. WATSON stated he found the bag on Daus Alley last week while walking his dog and looked inside and saw the .25 caliber handgun and the drugs. WATSON stated he was going to sell the drugs in bulk and keep the handgun. He stated he never test fired the gun and wanted to sell the drugs to pay off his bills. WATSON admitted the drugs and gun were his, and J.W. knew nothing about them. This interview was audio and video recorded.

9.  J.W. was also transported to the RPD Eastside Office to be interviewed. Prior to conducting the interview, J.W. waived his Miranda Rights and agreed to speak with Officers. He stated that he picked up WATSON in the area of Jefferson Avenue and Flint Street earlier in the day and was unsure if WATSON brought anything with him into the vehicle. When advised of the contraband located inside the vehicle, J.W. stated he had no idea that contraband was inside the vehicle, and stated he only had tools inside the vehicle. This interview was audio and video recorded.

10. J.W. was released from the RPD Eastside Office with his property that was removed from the vehicle along with traffic tickets issued to him. WATSON was transported to the Monroe County Jail without incident.

11. A criminal history query for WATSON revealed he has the following felony convictions:

 a. On April 15, 2008, WATSON was conviction of Criminal Possession of a Narcotic Drug in the Fourth Degree, a Class C Felony, in Monroe County Court, Rochester, NY. WATSON was sentenced to a term of imprisonment for forty-two (42) months with eighteen (18) months of post release supervision, and his license was suspended for a term of six (6) months.

 b. On August 3, 2001, WATSON was convicted of Robbery in the Second Degree: Physical Injury Display Firearm, a Class C Felony, in Monroe County Court, Rochester, NY. WATSON was sentenced to a term of imprisonment for forty-two (42) months concurrent.

 12. Based on your affiant's training, education, and experience, the previously detailed items seized are indicative of an intent to distribute controlled substances, as opposed to holding them for personal use. Further, based on training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and the proceeds from their narcotics sales.

 13. Your Affiant researched the FIE Titan .25 caliber handgun bearing serial number D855943 to determine the place of manufacture. Your affiant learned based upon training, knowledge, and research, that it was not manufactured in the State of New York and therefore by virtue of its presence in Rochester on November 2, 2023, it would necessarily have had to cross interstate or foreign borders prior to the defendant's possession of it during the incident described in this case.

14. Based on the above information, I submit that there is probable cause to believe that on or about November 2, 2023, in the City of Rochester, County of Monroe, Western District of New York, Sir Lawrence WATSON, II, was in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (possession of 500 grams or more of cocaine with intent to distribute); Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession of fentanyl with intent to distribute); Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm); and 924(c)(1)(A) (possession of a firearm in furtherance of a drug trafficking crime).

_____
RYAN J. SZWEJBKA
Senior Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Affidavit and Criminal Complaint Submitted Electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on November __6__, 2023.

Marian W. Payson
_____
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge